UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN MANUEL JUAREZ,

Petitioner,

v.

EASTERN DISTRICT OF CALIFORNIA,

Respondent.

Case No. 1:22-cv-01619-HBK (HC)

ORDER TO ASSIGN DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION[1]

(Doc. No. 1)

FOURTEEN-DAY OBJECTION PERIOD

Petitioner Juan Manuel Juarez, a state prisoner proceeding pro se, has pending a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1, "Petition"). This matter is before the Court for preliminary review. *See* Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v.*

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

*Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). As more fully set forth herein, based on the facts and governing law, the undersigned recommends that the Petition be dismissed because it fails to state a federal habeas claim.

## I. BACKGROUND

Petitioner initiated this case on December 16, 2022 by filing the instant petition. (Doc. No. 1). Petitioner is serving a sentence of twenty-four years to life for convictions of "aiding and abetting to murder" and attempted murder, and a conviction for great bodily injury on a corrections officer. (*Id.* at 2). The Petition raises two grounds for relief: Petitioner's Sixth Amendment rights were violated because the Supreme Court of California's summary denial of his petition for writ of habeas corpus was not "adequate" and he "was not returned proper documentation to know what [he is] complaining about." (*Id*. at 3-4). In support, Petitioner argues the state supreme court's summary decision "lacks wording as to why [he] was denied or [what is] being denied." (*Id*. at 4).

## II. APPLICABLE LAW AND ANALYSIS

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971). A federal court's jurisdiction to adjudicate a state prisoner's challenge to his conviction and sentence is limited to claims involving violation of the United States Constitution, federal laws, or United States' treaties. 28 U.S.C. §§ 2241(c)(1), 2254(a).

The gravamen of Petitioner's underlying claim is that the California Supreme Court's summary denial of his petition for writ of habeas corpus violates his Sixth Amendment rights.

This claim is clearly not cognizable via a petition for writ of habeas corpus. Challenges to the *adequacy* as opposed to the *availability* of a state post-conviction are not redressable through federal habeas corpus proceedings. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989). In *Franzen*, the petitioner alleged a due process violation stemming from the appellate court delay in deciding his petition for post-conviction relief. The district court dismissed the § 2254 petition on the grounds that petitioner's attack on the state court process was not a challenge to his detention and sentence. (*Id.*). In affirming, the Ninth Circuit agreed with every other circuit court addressing this issue, except the First Circuit, and held errors in state post-conviction review "is not addressable through habeas corpus proceedings." (*Id.*); *see also Silversky v. Frink*, 500 F. App'x 625, 626 (9th Cir. 2012) ("A federal habeas petition is not the proper vehicle for addressing the adequacy of process provided . . . in state post-conviction proceedings.").

While habeas relief may be available where a petitioner has been wrongfully denied his right to appeal though the established state review process, Petitioner makes no such claim here. Instead, Petitioner finds fault with the sufficiency of the process because the state supreme court issued a summary denial of his state habeas petition. Notably, the Constitution does not mandate a post-conviction process. *See Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001) ("[E]ach State has created mechanisms for both direct appeal and state postconviction review, even though there is no constitutional mandate that they do so."); *Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) ("Because the Constitution does not guarantee the existence of state post-conviction proceedings, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas application.") (Internal quotations and citations omitted).

Based on the foregoing, the undersigned recommends the Petition be dismissed for failure to state a cognizable habeas claim because no tenable claim for relief can be pleaded were such leave granted.

## III. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36

(2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is **ORDERED**:

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

It is further **RECOMMENDED**:

1. The Petition (Doc. No. 1) be DISMISSED.
2. Petitioner be denied a certificate of appealability.

////

////

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: February 8, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE